658 F.Supp. 380 (1986)
In re ATLANTIC FINANCIAL MANAGEMENT, INC. SECURITIES LITIGATION.
STEWART A. SMITH CORP. PROFIT SHARING TRUST, et al., Plaintiffs,
v.
PAINE, WEBBER, JACKSON & CURTIS, et al., Defendants.
MDL No. 584, Civ. A. No. 86-75-S.
United States District Court, D. Massachusetts.
November 12, 1986.
R. Joseph O'Rourke, Ryan, Smith & Carbine, Ltd., Rutland, Vt., for plaintiffs.
Thomas D. Edwards, Casner, Edwards & Rosemand, Craig Stewart, Palmer & Dodge, Boston, Mass., for defendants.
Jeffrey B. Rudman, Patrick Reagan, Hale and Dorr, Boston, Mass., for Edward H. Tuton.
Joan Channick, Gaston Snow & Ely Bartlett, Boston, Mass., for Paine, Webber, Jackson & Curtis.
*381 Charles R. Parrott, Sharon R. Burger, Nutter, McClennen & Fish, Boston, Mass., for Steven S. Draizin.

MEMORANDUM AND ORDER ON DEFENDANT PAINE, WEBBER, JACKSON & CURTIS' MOTION TO DISMISS
SKINNER, District Judge.
Plaintiffs in this securities fraud action seek to recover money lost investing in AZL Resources, Inc. ("AZL"). This action is now before me on defendant PaineWebber's motion to dismiss.
The basic allegations in the complaint are that the individual defendants, as officers and directors of Atlantic Financial Management ("AFM"), (1) fraudulently induced plaintiffs to enter into an agreement by which plaintiffs hired AFM to act as their investment advisor, (2) caused plaintiffs to invest in AZL, a speculative energy resources exploration firm, in spite of the agreements' recognition that plaintiffs sought to conserve their capital, and (3) manipulated the price of AZL to plaintiffs' disadvantage by buying AZL shares for plaintiffs' accounts while selling AZL shares from their own accounts.

Count VIII  Securities Exchange Act Claims.
The allegations against PaineWebber are much simpler. PaineWebber executed most of trades in AZL for plaintiffs' accounts. Plaintiffs allege that PaineWebber had a duty to inform the plaintiffs that AZL was an unsuitable investment for them. Plaintiffs further allege that PaineWebber was aware that the individual defendants were trading in AZL for their own accounts, and, in particular, that the individual defendants were on the other side of some of the transactions PaineWebber executed for plaintiffs' accounts. Plaintiffs claim that PaineWebber's failure to communicate this information to plaintiffs was an omission of a material fact under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder. 17 C.F.R. § 240.10b-5. This omission to state a material fact is alleged to have aided and abetted the violations by the individual defendants.
The complaint is completely devoid of any allegation that PaineWebber gave plaintiffs any investment advice or recommended the individual defendants to the plaintiffs, or had any contact with the plaintiffs whatsoever.
The complaint only states a claim if it meets the First Circuit test for determining aider and abettor liability under § 10(b) and Rule 10b-5. Plaintiff must prove:
(1) the commission of a violation of § 10(b) or Rule 10b-5 by the primary party; (2) the defendant's general awareness that his role was part of an overall activity that is improper; and (3) knowing and substantial assistance of the primary violation by the defendant.
Cleary v. Perfectune, Inc., 700 F.2d 774, 777 (1st Cir.1983).
In addition, the level of scienter required by the second part of the test varies according to the duty of disclosure imposed on the defendant.
[I]n the absence of a duty of disclosure, a defendant should be held liable as an aider and abettor only if the plaintiff proves that the defendant had actual knowledge of the improper activity of the primary violator and of his role in that activity [citations omitted]. Where the defendant has a duty to disclose the primary violations, however, courts have been willing to impose liability on the basis of a recklessness standard, [citation omitted] or on a lesser showing of actual awareness than is otherwise required, ...
Id., (citation omitted).
A clearing broker normally has no disclosure duty, if the clearing function was the only role performed by the broker. Edwards & Hanley v. Wells Fargo Securities Clearance Corporation, 602 F.2d 478 (2d Cir.1979); Ross v. Bolton, 639 F.Supp. 323, [Current Binder] Fed.Sec.L.Rep. (CCH) ¶ 92,879 (S.D.N.Y. June 10, 1986). In this case, plaintiffs allege that they were defrauded by their investment advisors when those investment advisors sold their own *382 shares in AZL at the same time they were instructing PaineWebber to buy AZL shares for plaintiffs' accounts. Even where, as here, a clearing broker executes trades for both investment advisors and defrauded plaintiffs, I will not impose a general investigative duty on clearing brokers to discover such fraud.
However, plaintiffs do not allege that PaineWebber should have known that the individual defendants were on the other side of the trades that PaineWebber executed for plaintiffs. While the complaint is not completely clear on this point, if construed favorably to plaintiffs it alleges that PaineWebber in fact did know that the individual defendants were on the other side of the transactions. Paragraph 57 states that because PaineWebber cleared the individual defendants' transactions, it "therefore knew of the apparent and actual conflict of interest created with respect to the Plains' account for which it was at the same time clearing transactions in the same securities." As I stated earlier, this, by itself, would not state a claim. Brokers have no duty to cross-index the thousands or millions of trades that they execute for their thousands or millions of customers in order to discover any such conflicts. However, under the complaint when read in its entirety, and in particular paragraphs 56 and 57, plaintiffs could prove that PaineWebber knew that the individual defendants had a conflict of interest with plaintiffs. Plaintiffs allege that PaineWebber had a close working relationship with the individual defendants. In addition, given the nature of the market for AZL stock, it is possible that the same PaineWebber employee cleared transactions for both plaintiffs and individual defendants. If so, PaineWebber would have had a duty to disclose such an obvious conflict of interest on the part of plaintiffs' investment advisors. The complaint therefore states a claim against PaineWebber.

Count IV  Common Law Fiduciary Duty.
Count IV attempts to establish the existence of a fiduciary duty between PaineWebber and plaintiffs in two ways. The first is that
[b]y reason of the representation of Tuton and DiIanni ..., the Defendants caused the Plans to retain Atlantic as investment advisor and investment manager and to repose trust and confidence in Tuton, DiIanni, Atlantic, and PaineWebber to select, purchase and maintain investments that would be appropriate and beneficial to the Plans.
Complaint, ¶ 35. However, the complaint makes no allegations that PaineWebber, as distinguished from the individual defendants, played any role in convincing plaintiffs to select AFM as their investment advisor.
The second reason given by plaintiffs to establish a fiduciary relationship between plaintiffs and PaineWebber is "the Defendant's [sic] status as registered investment advisors or registered stockbrokers by itself created a fiduciary duty to the Plans in the conduct of investment transactions on the Plans' behalf." Id. However, as I already concluded in the discussion of Count VIII, a broker-dealer does not have any fiduciary responsibilities to an investor simply by virtue of its "status as registered investment advisors or registered stockbrokers."
PaineWebber's motion to dismiss Count IV of the complaint against it is therefore ALLOWED.

Count IX  Common Law Fraud.
Count IX is premised on paragraph 55 of the complaint which alleges that PaineWebber failed to investigate the investment needs of the Plans, and that PaineWebber executed transactions for the plans in disregard for the unsuitability of the investments for the Plans, and without disclosing that unsuitability to the Plans. Count IX is another failed attempt to impose liability on a clearing broker qua clearing broker. Clearing brokers do not commit fraud when they "fail" to give useful investment advice to the investors for whom the brokers clear transactions. PaineWebber's motion to dismiss Count IX is ALLOWED.

*383 Count X  Negligence.
Count X alleges that
[b]y holding themselves out as skilled stockbrokers and members of organizations (the NASD, NYSE and AMEX) with rules governing members' execution of customer transactions, the Defendants Tuton, DiIanni, Draizin and Paine Webber were under the duty to use reasonable care not to execute purchase transactions involving unsuitable stocks.
Id., ¶ 63. As to PaineWebber, this allegation is incorrect for the same reason given in analysis of Counts IV and IX  a clearing broker has no duty to choose suitable investments where the broker has not been hired to give investment advice. PaineWebber's motion to dismiss Count X as to it is hereby ALLOWED.
Plaintiffs' opposition papers included exhibits and an affidavit, which made essentially new allegations against PaineWebber. Since PaineWebber submitted no new factual information in support of its motion, I did not consider plaintiffs' additional papers in ruling on the motion to dismiss. Hailey v. Yellow Freight Systems, Inc., 599 F.Supp. 1332 (W.D.Mo.1984). However, an examination of those papers leads to the conclusion that a complaint which incorporated those allegations would fare much better in a motion to dismiss. In addition, while Count VIII survived PaineWebber's motion, certain of the allegations contained in plaintiffs' additional papers would be irrelevant to proof of the allegations in Count VIII as it now stands, and might be inadmissible at a trial based on the original complaint. Plaintiff will have thirty days from the date of this opinion to incorporate the additional allegations in an amended complaint, consistent with the requirements of Rule 11.
Ignoring plaintiffs' additional materials, Count VIII states a claim against PaineWebber, and PaineWebber's motion to dismiss Count VIII as to it is therefore DENIED. Counts IV, IX and X all attempt to hold PaineWebber liable simply because PaineWebber cleared plaintiffs' transactions in AZL. They all therefore fail to state a claim. PaineWebber's motion to dismiss Counts IV, IX and X as to it are therefore ALLOWED. Plaintiffs shall have thirty days to amend their complaint.